## CITY OF HUNTINGTON *v.* CLINE ET AL.

[No. 22,574. Filed January 8, 1914.]

1. APPEAL.—*Briefs.—Assignment of Errors.—Questions Not Considered.*—The court will not consider questions presented by assignment of errors containing twenty-seven specifications, where the transcript is in inextricable confusion, and appellant's brief does not comply with Rule 22 of the Supreme Court, providing that after a concise statement of the record presenting every error and exception relied on, appellant's brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration. p. 8.

From Huntington Circuit Court; *Levi Mock,* Special Judge.

Proceeding by the City of Huntington for the construction of a sewer. From a judgment of the circuit court modifying and reducing the assessments against the property of John Q. Cline and others, the city appeals. (Transferred from the Appellate Court under §1394 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*Emmett O. King* and *C. W. Watkins,* for appellant.

*J. B. Kenner, Lesh & Lesh* and *Cline & Cline,* for appellees.

Cox, J.—This was a proceeding by appellant to construct a sanitary sewer in certain of its streets, under the provisions of the act of May 15, 1901 (Acts 1901 p. 534, §§3623a-

3623h Burns 1901). On appeal to the circuit court from the assessments as finally confirmed and made by the common council, assessments against the property of the various appellees were modified and reduced. From the judgment of the circuit court this appeal is prosecuted by the city.

The transcript is in inextricable confusion and contains admitted mistakes. The state of the transcript, we feel, should have required additional care on the part of counsel for appellant in making the brief for the city as intelligible a showing of harmful error in the proceedings below as could be made. The fifth clause of Rule 22 of this court provides that after a concise statement of so much of the record as fully presents every error and exception relied on, the brief of appellant "shall contain under a *separate heading of each error relied on, separately numbered propositions or points,* stated concisely, and without argument or elaboration. The brief for appellant presents a signal failure to comply with this provision of the rule, and without light and direction from appellant we decline to enter the maze presented by an assignment of errors presenting twenty-seven specifications.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 795. See also 2 Cyc. 1014.